Last Edited: 06/18/2013 12:43:20 PM
Document ID: 1156167_1_MYW

ORIGINAL

Of Counsel
KOBAYASHI, SUGITA & GODA
LEX R. SMITH           3485-0
JOSEPH A. STEWART   7315-0
MARIA Y. WANG          8848-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-3889
Telephone: 539-8700
 Attorneys for Plaintiff
 ISUZU MOTORS AMERICA, LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 18 2013

at 3 o'clock and 17 p.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ISUZU MOTORS AMERICA, LLC, | CIVIL NO. CV13 00306 DKW KSC |
| Plaintiff, | (Other Civil Action) |
| vs. | COMPLAINT; EXHIBITS "A" – "E"; SUMMONS |
| CLARENCE E. JACKSON; JJCO, INC.; ENVY HAWAII, LLC; DOE DEFENDANTS 1-100, | |
| Defendants. | |

COMPLAINT

Comes now Plaintiff ISUZU MOTORS AMERICA, LLC, a California limited liability company, and for its complaint against Defendant CLARENCE E. JACKSON, a resident of the State of Hawaii, JJCO, INC. a Hawaii Corporation,

Last Edited: 06/18/2013 12:43:20 PM
Document ID: 1156167_1_MYW

and ENVY HAWAII, LLC, a Hawaii limited liability company and alleges and avers as follows:

## PARTIES

1.   This Court has jurisdiction over the parties and the subject matter of this case pursuant to 28 U.S.C. §1332 as no defendant is a citizen of the same state as the plaintiff, and the amount in controversy exceeds $75,000.

2.   Plaintiff ISUZU MOTORS AMERICA, LLC ("Isuzu") is a California limited liability company and a citizen of the State of California.

3.   Defendant CLARENCE E. JACKSON ("Jackson") is a citizen and resident of the City and County of Honolulu, State of Hawaii and, at all times relevant herein, the President and sole shareholder of Defendant JJCO.

4.   Defendant JJCO, INC. ("JJCO") is a Hawaii corporation with its principal place of business in the State of Hawaii.  JJCO has done business in the City and County of Honolulu as "Jackson Isuzu" and "Jackson Volvo."

5.   Defendant Envy Hawaii LLC is a limited liability company organized and existing under the laws of the State of Hawaii with its principal place of business in the City and County of Honolulu, State of Hawaii.  Envy Hawaii LLC has received assets from JJCO, INC. in violation of law and Plaintiff Isuzu is entitled to judgment against it in an amount to be proved at trial.

Last Edited: 06/18/2013 12:43:20 PM
Document ID: 1156167_1_MYW

6. Plaintiff Isuzu is the owner and holder of a valid federal court judgment against Defendant JJCO in the amount of THREE HUNDRED THREE THOUSAND EIGHT HUNDRED NINETY-TWO and 43/100 DOLLARS (U.S. $303,892.43), plus interest which continues to accrue at the federal rate.

7. The entire judgment remains unpaid.

8. At all times since the entry of the judgment in 2010, JJCO has been insolvent.

9. JJCO and JJCO's counsel have repeatedly admitted that JJCO is, and at all relevant times, was insolvent. See e.g. January 26, 2011 Letter from Dennis W. King to Joseph A. Stewart (attached hereto as Exhibit "A"); JJCO's Ex Parte Motion to Reconsider or Dissolve Writ of Execution Issued on January 21, 2011, filed January 28, 2011), at pp. 5-9 (attached hereto without exhibits as Exhibit "B").

10. During the period since the judgment was entered and while the judgment was outstanding, due and owing, JJCO illegally distributed over $100,000 in "shareholder draws" to Jackson.

11. It is a violation of law for a corporation to distribute funds to a shareholder at a time when the corporation is insolvent. Haw. Rev. Stat. §414-111. Since this is clearly what JJCO did, Defendant Jackson is directly liable to pay to Plaintiff Isuzu the total amount of such distributions that he received.

Last Edited: 06/18/2013 12:43:20 PM
Document ID: 1156167_1_MYW

12. JJCO's business manager has admitted under oath that Jackson regularly received $2000 of JJCO's funds "when [he] needs to have some money." See 30(b)(6) Deposition of Debbie Tesoro taken June 17, 2011 ("Tesoro Depo.") (attached hereto as Exhibit "C") at p. 10, ll. 8-11.

13. In addition to the distributions of cash that were illegally distributed to Defendant Jackson as "shareholder draw", JJCO also paid many of Mr. Jackson's personal expenses, including credit card bills (e.g. Macy's and Discover cards) covering Mr. Jackson's personal expenses, including the payment of the maintenance fees on Jackson's personal condominium at Waterfront Towers, Defendant Jackson's personal residence. See id. and Deposition of Clarence E. Jackson taken June 1, 2011 ("Jackson Depo.") (attached hereto Exhibit "D"), p. 27, ll. 16-18.

14. Pursuant to Haw. Rev. Stat. Chapter 414 and Haw. Rev. Stat. Chapter 651C, Plaintiff Isuzu is entitled to recover the sums JJCO unlawfully distributed to Jackson as set forth hereinabove.

## COUNT I

15. Plaintiff Isuzu incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth herein.

16. In 2008, Isuzu put JJCO and Jackson on notice of Isuzu's right to recover attorneys' fees and costs from JJCO, through the pleading filed in the U.S. District Court seeking recovery of its legal fees.

17. Therefore, all shareholder distributions that JJCO made to Jackson since 2008 were made in violation of Haw. Rev. Stat. §414-111, and as the recipient of those unlawful distributions, Jackson is liable to disgorge all of the funds he received from JJCO from 2008 to date (or at least as much of them as are necessary to satisfy the judgment in favor of Isuzu), including all amounts that JJCO paid to Jackson plus those amounts that JJCO paid for Jackson's benefit such as his personal credit card fees and his personal expenses related to his residence.

18. Pursuant to Haw. Rev. Stat. Chapter 414 and Haw. Rev. Stat. Chapter 651C, Isuzu is entitled to recovery all sums JJCO unlawfully distributed to Jackson as set forth hereinabove.

## COUNT II

19. Plaintiff Isuzu incorporates by reference the allegations of paragraphs 1 through 18 as though fully realleged herein

20. In addition to the amounts set forth above, at all times relevant herein, JJCO paid to Mr. Jackson the sum of $10,000 per month which JJCO falsely characterized as "salary" even though Mr. Jackson did nothing of value for JJCO. The "salary" was paid to Defendant Jackson solely as a result of his status

as the 100% shareholder of the corporation and is therefore an improper "shareholder distribution" just like the other amounts referred to herein.

21. Pursuant to Haw. Rev. Stat. Chapter 414 and Haw. Rev. Stat. Chapter 651C, Isuzu is entitled to recover all sums JJCO unlawfully distributed to Jackson as set forth hereinabove.

## **COUNT III**

22. Plaintiff Isuzu incorporates by reference the allegations of paragraphs 1 through 21 as though fully realleged herein

23. Jackson filed and recorded a UCC1 Financing Statement – a copy of which is attached hereto as Exhibit "E" – purporting to reflect debt owed by JJCO to Jackson.

24. The financing statement filed by or in favor of Mr. Jackson did not reflect actual indebtedness owed to Jackson. In many cases, no funds were provided to JJCO at all by Mr. Jackson. To the extent that Mr. Jackson every put money into JJCO, it was equity investment by Mr. Jackson and not debt.

25. Accordingly, all amounts reflected in favor of Mr. Jackson on any financing statement filed in the Bureau of Conveyances of the State of Hawaii are subject and subordinate to the rights of Isuzu as a legitimate judgment creditor of JJCO.

26. Therefore, pursuant to Haw. Rev. Stat. Chapter 651C, Isuzu is entitled to disgorgement (to the extent necessary to satisfy Isuzu's judgment with interest, costs and attorneys' fees) of any and all payments Jackson received at any time from JJCO relating to any alleged repayment of any debt Jackson claims he was owed.

## COUNT IV

27. Plaintiff Isuzu incorporates by reference the allegations of paragraphs 1 through 26 as though fully realleged herein

28. On or about November 14, 2012, JJCO transferred all or substantially all of its interest in its assets to Envy Hawaii, LLC.

29. Envy Hawaii, LLC was fully aware of the existence of the Isuzu judgment prior to the transfer of any such assets.

30. As a matter of law, any monies received by JJCO and/or Jackson from such sale were required to be used to pay its creditors, including Isuzu as a legitimate judgment-creditor of JJCO.

31. Envy Hawaii LLC received JJCO's assets without paying fair market value for them.

32. The sale to Envy Hawaii LLC was in violation of Haw. Rev. Stat. §651C.

33. Therefore, Isuzu is entitled to enforce its judgment against Envy as Envy received and holds JJCO's assets (and/or their proceeds).

## COUNT IV

34. Plaintiff Isuzu incorporates by reference the allegations of paragraphs 1 through 33 as though fully realleged herein.

35. The actions of the Defendants as set forth in the paragraphs hereinabove constitute a civil conspiracy among and between all or any combination of the Defendants.

36. As a direct and proximate result of this civil conspiracy the Plaintiff ITC has been substantially damaged.

WHEREFORE, ISUZU REQUESTS THAT THIS COURT GRANT:

A. A money judgment against Jackson in the full amount of the judgment Isuzu holds against JJCO.

B. A money judgment against Envy Hawaii LLC in the full amount of the judgment Isuzu holds against JJCO.

C. A declaratory judgment finding and stating that all distributions made by JJCO to Jackson were fraudulent transfers under HRS Chapter 651C and are therefore void and of no effect;

Last Edited: 06/18/2013 12:43:20 PM
Document ID: 1156167_1_MYW

D. A declaratory judgment stating that under HRS § 651C-7(b), because Isuzu has obtained a final judgment in the litigation with JJCO, Isuzu may immediately levy execution on Envy's and/or Jackson's assets as the recipients of the fraudulently transferred assets;

E. Appointment of a Receiver to collect from Jackson and Envy sufficient fraudulently transferred assets, or their proceeds, to satisfy Isuzu's judgment and to further collect the Receiver's frees and costs from Jackson and Envy.

F. Injunctive relief ordering Jackson

1. to provide a complete accounting of all assets received from JJCO, inclusive of information as to:

    a. when the asset was received;

    b. the form in which it was received;

    c. any transfers of said assets, including the name and address of said entity receiving said assets;

    d. any benefits received by any entity in consideration of the entity receiving the benefit;

    e. a complete description of the benefit received;

    f. who is currently in possession of each asset;

2. to provide an accounting of all assets received; and

3. to refrain from transferring any sum or assets obtained from JJCO and;

Last Edited: 06/18/2013 12:43:20 PM
Document ID: 1156167_1_MYW

    4.    to disgorge all payments or disbursements made to him in his role as "trustee" of the fraudulently transferred assets.

G.    Isuzu's attorneys' fees and costs incurred in bringing this action.

H.    Such other relief as this Court deems appropriate.

DATED: Honolulu, Hawaii, 6/18/13.

_____
LEX R. SMITH
JOSEPH A. STEWART
MARIA Y. WANG
  Attorneys for Plaintiff
  ISUZU MOTORS AMERICA, LLC