IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ISUZU MOTORS AMERICA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE E. JACKSON; JJCO, INC.; DOE DEFENDANTS 1-100,<br><br>Defendants. | CIVIL NO. 13-00306 DKW-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CLARENCE E. JACKSON'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CLARENCE E. JACKSON'S MOTION FOR <u>JUDGMENT ON THE PLEADINGS</u>**

Isuzu is a judgment creditor of JJCO and alleges that JJCO depleted company assets, rendering Isuzu unable to satisfy its judgment, by conspiring with Jackson and fraudulently transferring funds to him in the form of shareholder distributions and salary that he did nothing to earn. Jackson argues that Isuzu has not alleged fraud with the requisite specificity, and that, in any event, Jackson would have priority over Isuzu as a secured creditor of JJCO. Accepting all of Isuzu's allegations as true, the Court denies in part Jackson's motion for judgment on the pleadings because Isuzu has complied with Fed. R. Civ. P. 9's pleading requirements. Jackson's motion is granted only to the extent that Isuzu seeks the

equitable subordination of a debt because such a claim is not recognized outside the bankruptcy context.

## BACKGROUND

JJCO operated car dealerships, including Jackson Isuzu and Jackson Volvo. In 2010, Isuzu was awarded $303,892.43 in attorneys' fees and costs after successfully defending a lawsuit brought by JJCO in this Court. Isuzu alleges that it has been unable to collect on the award of attorneys' fees because JJCO has represented that it is insolvent. FAC ¶¶ 5–8.

Isuzu further alleges that to the extent JJCO is insolvent, its insolvency was caused by improper shareholder draws and payments to Jackson. According to Isuzu, Jackson, in effect, treated JJCO as his personal bank account and received money from JJCO whenever he needed funds, including to pay his personal expenses. FAC ¶¶ 9–12. Isuzu claims that these funds should be returned to JJCO and used to satisfy Isuzu's judgment against the company.

Isuzu filed its First Amended Complaint ("FAC") on November 8, 2013, asserting four separate counts. Count I alleges that, pursuant to HRS § 414-111 and the Hawaii Uniform Fraudulent Transfer Act ("HUFTA"), HRS §§ 651C-4 and 651C-5, Isuzu is entitled to disgorgement of all shareholder distributions made by JJCO to Jackson after Isuzu was awarded its fees and costs. This includes

2

amounts paid by JJCO to Jackson directly and all amounts paid by JJCO for Jackson's benefit, including Jackson's personal expenses. FAC ¶ 16.

Count II alleges that Isuzu is also entitled to the $10,000 a month that JJCO paid to Jackson as a "salary" because Isuzu alleges that "Jackson did nothing of value for JJCO." FAC ¶ 19. Isuzu alleges that this salary was also a fraudulent transfer and that Isuzu is entitled to disgorgement of these funds.

Count III asserts that Isuzu is entitled to disgorgement of any payments made by JJCO to Jackson that are categorized as repayment of debt because Jackson did not actually loan money to JJCO:

> The financing statement filed by or in favor of Mr. Jackson did not reflect actual indebtedness owed to Jackson. In many cases, no funds were provided to JJCO at all by Mr. Jackson. To the extent that Mr. Jackson ever[] put money into JJCO, it was equity investment by Mr. Jackson and not debt.

FAC ¶ 23. Isuzu thus seeks a determination that "all amounts reflected in favor of Mr. Jackson on any financing statement . . . are subject and subordinate to the rights of Isuzu as a legitimate judgment creditor." FAC ¶ 24.

Count IV alleges a civil conspiracy between JJCO and Jackson to perform each of the acts described in Isuzu's other counts. FAC ¶¶ 27-28.

Jackson moves for judgment on the pleadings on all counts.

3

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c).[1] "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the contradicting allegations of the moving party are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). "The Court inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, "'[a] judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a

---

[1] At the time of the filing of the motion, Jackson had not yet filed his answer. However, Jackson has since done so, negating Isuzu's argument that the pleadings are not closed and the motion consequently premature.

matter of law.'" *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)).

**DISCUSSION**

Jackson moves for judgment on the pleadings on all counts. The motion is granted only to the extent that Count III asserts a claim for equitable subordination. The motion is denied in all other respects. Each count of the FAC is addressed below.[2]

I. **Count I and II: Disgorgement of Shareholder Distributions and Salary**

The essence of Counts I and II of the FAC is that JJCO fraudulently transferred funds to Jackson in the form of "shareholder distributions," "salary," or other remuneration, when those funds should have been paid to Isuzu to satisfy the award of attorneys' fees and costs. Jackson asserts that the FAC does not satisfy the heightened requirement of pleading with particularity where fraud is alleged. Fed. R. Civ. P. 9(b). However, the Court concludes that the FAC sufficiently alleges fraudulent transfer to satisfy the heightened pleading standard of Rule 9(b).

The FAC sufficiently pleads a claim of fraudulent transfer under Hawaii law:

---

[2]Because Count IV's civil conspiracy allegations essentially track and rely on the allegations in Isuzu's other counts, and because neither party separately addresses Count IV, the Court does not either.

> To state a claim under HRS § 651C–4(a)(2)(B), [Isuzu], in addition to pleading their creditor status and that [JJCO] transferred property, must plead that [JJCO] (1) did not receive "a reasonably equivalent value in exchange for the transfer," and (2) "[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Similar to HRS § 651C–4(a)(2)(B), HRS § 651C–5(a) requires that (1) [JJCO] did not receive a reasonably equivalent value in exchange for the Hawaii Property transfer, (2) [JJCO] was insolvent at the time of the Hawaii Property transfer, or became insolvent as a result of the transfer, and (3) [Isuzu was a] present creditor[] of [JJCO] at the time of the Hawaii Property transfer.

*Valvanis v. Milgroom*, 529 F. Supp. 2d 1190, 1199 (D. Haw. 2007). The FAC satisfies these requirements. Isuzu pled its status as a creditor and that:

> JJCO paid to Mr. Jackson the sum of $10,000 per month which JJCO falsely characterized as "salary" even though Mr. Jackson did nothing of value for JJCO. The "salary" was paid to Defendant Jackson solely as a result of his status as the 100% shareholder of the corporation and is therefore an improper "shareholder distribution" just like the other amounts referred to herein.

FAC ¶ 19. The alleged payments of other shareholder draws and personal expenses also satisfy the requirements of HUFTA and Rule 9(b).

Jackson argues that his deposition transcript directly contradicts the FAC's assertion that Jackson took shareholder draws. However, as quoted above, the FAC assumes that Jackson would characterize the money he received as "income" or "salary." What Isuzu is alleging is that Jackson's characterization is a false one. Thus, evidence of what Jackson characterized the money as does not

6

prevent Isuzu from pleading that it was in fact something else.[3] In other words, the language from his deposition that Jackson cites as being "contrary" to the allegations of the FAC is actually just an example of the false characterization alleged by Isuzu.

Additionally, the Court cannot determine from the pleadings (or even if it were to analyze every document attached to Jackson's statement of facts) whether Jackson provided "reasonably equivalent value" to JJCO in exchange for the $10,000 amount he received as "salary." The FAC alleges that Jackson took a salary "even though Mr. Jackson did nothing of value for JJCO." FAC ¶ 19. Although Jackson can deny that allegation in a similar conclusory fashion, the Court must treat all of Isuzu's allegations as true for purposes of this motion. Even if the Court were to look outside of the pleadings, it would need to have more evidence of Jackson's duties and what he actually did to earn the money he received. The documents that Jackson attaches to the motion do not sufficiently answer that question.

---

[3]Moreover, the statement from the deposition transcript cited by Jackson does not speak to all of the funds allegedly received by Jackson from JJCO. The excerpt in question states "Okay, let me clarify something. That was my CPA that I was confirming something with. The $2,000 draw that I take is not a draw. It is treated as income, ordinary income." FAC Ex. D (Jackson Dep.) 36:20–23. It is unclear what specifically the "$2,000 draw" actually refers to. Jackson appears to be referring to a draw he sometimes took for cash. FAC Ex. D. (Jackson Dep.) 27:16-18 ("Occasionally, I will take a couple thousand dollars cash, but it goes against stockholder draw."). But the FAC also alleges that Jackson took an unspecified amount from JJCO to pay for various personal expenses and also received $10,000 a month in "salary." FAC ¶¶ 12, 19. Based on the pleadings and the deposition transcript, those amounts appear to be amounts that are separate and apart from the $2,000 amount that Jackson refers to in his deposition transcript.

7

Accordingly, Isuzu's claims for disgorgement because of JJCO's alleged fraudulent transfer are sufficiently pled to survive Jackson's motion for judgment on the pleadings. The motion is therefore denied as to those claims.

## II. Count III: Equitable Subordination

Jackson also argues that, even if Isuzu's fraudulent transfer claims could go forward, his perfected security interest as a creditor of JJCO takes priority over the interest of Isuzu. It does not appear, however, that Isuzu challenges Jackson's priority *if* Isuzu actually believed that Jackson's financing statement evidenced a bona fide debt. Indeed, Isuzu recognizes the existence of the financing statement and attaches a copy of it to the FAC. Isuzu goes on to allege, however, that,

> [t]he financing statement filed by or in favor of Mr. Jackson did not reflect actual indebtedness owed to Jackson. In many cases, no funds were provided to JJCO at all by Mr. Jackson. To the extent that Mr. Jackson ever[] put money into JJCO, it was equity investment by Mr. Jackson and not debt. Accordingly, all amounts reflected in favor of Mr. Jackson on any financing statement filed in the Bureau of Conveyances of the State of Hawaii are subject and subordinate to the rights of Isuzu as a legitimate judgment creditor of JJCO.

FAC ¶¶ 23–24. Thus, Count III is, as Isuzu explains again in section D of its opposition brief, a claim for equitable subordination because there is no legitimate debt owed to Jackson, despite the existence of a perfected financing statement.

8

The Court concludes, however, that Jackson is entitled to judgment on the pleadings for Count III to the extent that Isuzu is seeking a determination of equitable subordination of any debt owed by JJCO to Jackson that is represented by the financing statement. Isuzu repeatedly states in its opposition brief that equitable subordination is a determination for a *bankruptcy court* to make, citing to 11 U.S.C. § 510(c), a provision of the bankruptcy code. "The doctrine of equitable subordination, however, simply does not apply to state-law fraudulent conveyance claims. Equitable subordination is distinctly a power of federal bankruptcy courts, as courts of equity, to subordinate the claims of one creditor to those of others." *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 634 (2d Cir. 1995). In short, "[t]he doctrine of equitable subordination is applicable and limited to a bankruptcy setting," which is not the current setting of this case. *New Jersey Steel Corp. v. Bank of New York*, 223 B.R. 406, 415 (S.D.N.Y. 1998) (citing cases).

Because there is presently no bankruptcy matter in play here, the motion for judgment on the pleadings as to Count III only is granted to the extent that it seeks equitable subordination of Jackson's status as a creditor. *See, e.g., Gaymar Indus., Inc. v. FirstMerit Bank, N.A.*, 311 Fed. Appx. 814, 817 (6th Cir. 2009) ("Gaymar next contends that the court improperly dismissed its claim for equitable subordination. That doctrine only applies, however, in bankruptcy proceedings. Thus, the district court properly dismissed this claim." (internal

9

citation omitted)); *Arena Development Group, LLC v. Naegele Comm., Inc.*, 2007 WL 2506431, at *7 (D. Minn. August 30, 2007) ("Declaratory relief for recharacterization of debt to equity and equitable subordination are not cognizable causes of action in federal district court.").

## CONCLUSION

Jackson's motion for judgment on the pleadings is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to Count III to the extent that Isuzu seeks equitable subordination under that count because that doctrine is applicable only in bankruptcy proceedings. The motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED: August 25, 2014 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

Isuzu Motors America, LLC v. Clarence E. Jackson, et al.; CV 13-00306 DKW-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CLARENCE E. JACKSON'S MOTION FOR JUDGMENT ON THE PLEADINGS

10