IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ISUZU MOTORS AMERICA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE E. JACKSON; JJCO, INC.; JJCO PROPERTIES, LLC; DOE DEFENDANTS 1-100,<br><br>Defendants. | CIVIL NO. 13-00306 DKW-KSC<br><br>**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING JACKSON'S MOTION FOR DISQUALIFICATION OF ISUZU'S COUNSEL** |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING JACKSON'S MOTION FOR DISQUALIFICATION OF ISUZU'S COUNSEL**

Jackson moved to disqualify Isuzu's counsel under Hawaii Rules of Professional Conduct ("HRPC") 1.7, 1.10, and 3.7(a). Dkt. No. 76. The magistrate judge denied the motion, explaining:

> The Court, having reviewed the written submissions and having considered the arguments this morning, will deny this motion for disqualification of Plaintiff's counsel, based on the following. Neither Plaintiff's trial counsel nor the Kobayashi Sugita Gota law firm should be subject to disqualification under Rule 1.7 or 1.10 of the Hawaii Rules of Professional Conduct because the movant Defendant has failed to carry his burden of showing that an attorney client or other fiduciary relationship was established between them. The Court additionally finds that disqualification pursuant to Rule 3.7 of the Hawaii Rules of Professional Conduct is also unwarranted. The

> Defendant has not identified which attorney at the Kobayashi Sugita
> Gota law firm would be a necessary witness. Although Kenneth
> Sugita is identified as the attorney who drafted loan documents for
> First Hawaiian Bank, even assuming he would be called as a witness,
> the Kobayashi Sugita Gota law firm would not be precluded from
> representing Plaintiff because Rule 3.7(b) does allow attorneys at a
> firm to advocate in a trial, notwithstanding the fact that another lawyer
> in the firm is likely to, or may be called as a witness. So this motion
> is denied.

Recording of Feb. 20, 2015 Hearing; *see* Dkt. No. 96. The magistrate judge also issued a written order denying the motion for disqualification. Dkt. No. 97.

Jackson now appeals the magistrate's order denying disqualification. Because the absence of an attorney-client or fiduciary relationship between Jackson/JJCO and the Kobayashi Sugita Gota law firm ("KSG"), as determined by the magistrate judge, was neither clearly erroneous nor contrary to law, the magistrate judge's ruling is affirmed.

## **STANDARD OF REVIEW**

Pursuant to Local Rule 74.1, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter. The standard applicable to an appeal of a magistrate judge's non-dispositive ruling is highly deferential. The district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *See* L.R. 74.1; *see also* 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a). The district judge

may also reconsider sua sponte any matter determined by a magistrate judge. *See* L.R. 74.1.

The magistrate judge's ruling is "clearly erroneous" only if, after reviewing the entire record, this Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008).

## **DISCUSSION**

As a threshold matter, Jackson asserts that the magistrate judge's written order provides insufficient factual or legal analysis explaining the basis of his decision. However, as the Court recounted above, the magistrate judge issued the written order only after giving a more-detailed ruling from the bench at the hearing on the motion.

Regarding the substance of the appeal, Jackson asserts that it was erroneous for the magistrate judge to conclude that KSG did not represent Jackson or JJCO,

3

and that there was therefore no basis for disqualification under HRPC 1.7 or 1.10.[1] Isuzu counters that all of the arguments and evidence proffered by Jackson only illustrate that KSG represented First Hawaiian Bank ("FHB") (not Jackson or JJCO) and provided legal work only for FHB in conducting FHB's loan transactions with Jackson and JJCO. The Court agrees with Isuzu and affirms the magistrate judge's ruling on this point.

The evidence relied on by Jackson only proves that KSG was representing FHB (and no one else) in its loan transactions with Jackson and JJCO. "The Court looks to the nature of interaction between the parties to determine whether an attorney-client relationship exists." *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1281 (D. Haw. 2007). "Whether and to what extent an attorney-client relationship is present is a question of fact." *Stender v. Vincent*, 92 Hawai'i 355, 363 (2000).

---

[1] The relevant portions of HRPC 1.7 and 1.10 are as follows:

Rule 1.7.   CONFLICT OF INTEREST: GENERAL RULE
 (a)   Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1)   the representation of one client will be directly adverse to another client; or
> (2)   there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.

Rule 1.10.  IMPUTATION OF CONFLICTS OF INTEREST: GENERAL RULE.
(a)   While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2 of these Rules, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

"An attorney-client relationship is contractual and consensual, and such a relationship can be formed only with the consent of the attorney and individual seeking representation." *Boskoff v. Yano*, 57 F. Supp. 2d 994, 998 (D. Haw. 1998). "An attorney-client relationship is formed when an attorney renders advice directly to a client who has consulted him seeking legal counsel." *Id*.

Jackson makes much of the fact that he provided confidential information to KSG. But that information was provided to KSG via FHB and was only provided to KSG *because of* its representation of FHB. Jackson admits this, noting that "[KSG] reviewed and analyzed all the inside information, including Mr. Jackson's confidential documents, *for FHB*." Dkt. No. 100 (Jackson's appeal) at 3 (emphasis added). As counsel for a lender like FHB, it is a given that KSG is frequently privy to borrowers' confidential information, provided to KSG by FHB. This is in the nature of loan transactions. If that somehow created an attorney-client relationship between borrowers and KSG every time it occurred, FHB would be unable to ever hire outside counsel like KSG to provide legal services for FHB. Instead, simply drafting loan documents for FHB (including documents requiring confidential information from Jackson and JJCO) does not, on its own, objectively create any attorney-client relationship between KSG and Jackson or JJCO. *See Boskoff*, 57 F. Supp. 2d at 998 (noting that the belief that an attorney-client relationship exists "must be objectively reasonable under the totality of the

5

circumstances"). Thus, there is no support for Jackson's argument that providing information to KSG (via FHB) somehow created an attorney-client relationship.

Jackson also argues that an attorney-client relationship exists because KSG billed Jackson and JJCO for legal work, and JJCO paid those bills. However, it was not clearly erroneous for the magistrate judge to conclude that this did not create an attorney-client relationship. Isuzu provided evidence that the bills to Jackson/JJCO were bills for the legal work that KSG did for FHB, and that Jackson and JJCO were obligated to pay as part of the agreement between FHB and Jackson. All of these bills were for legal work done as part of the transaction between FHB and Jackson/JJCO. Under those circumstances, there is no objectively reasonable basis for Jackson or JJCO to believe that KSG represented anyone other than FHB.

Jackson further contends that even if there is no formal attorney-client relationship between Jackson/JJCO and KSG, KSG should nevertheless be disqualified from representing Isuzu because of a fiduciary relationship between KSG and Jackson/JJCO. Isuzu counters that Jackson could not have reasonably believed that KSG was representing Jackson while doing the legal work on the loan between FHB and JJCO/Jackson. The magistrate judge found that Jackson failed to prove the existence of a fiduciary relationship, and this Court agrees.

6

"'[W]here . . . there is no express attorney-client relationship, there [may] exist [ ] nevertheless a fiduciary obligation or an implied professional relation[.]'" *Otaka, Inc. v. Klein*, 71 Haw. 376, 382 (1990) (quoting *Westinghouse Electric Corp. v. Kerr–McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978)) (first set of brackets added). In defining the parameters of when a fiduciary relationship may be created as a result of legal work, the Hawai'i Supreme Court explained:

> A fiduciary relationship may result because of the nature of the work performed and the circumstances under which confidential information is divulged. Legal consultation occurs when the *client* believes that he is approaching an attorney in a professional capacity with a manifest intent to seek professional legal advice. Thus, the deciding factor is what the prospective client thought when he made the disclosure, not what the lawyer thought.

*Otaka*, 71 Haw. At 383 (internal citations and quotation marks omitted). Jackson argues that, under the circumstances, an objective third party would believe that KSG was representing Jackson/JJCO.[2] However, as already discussed, the totality of the circumstances do not suggest that Jackson could have reasonably believed that KSG was representing him or JJCO in the legal work provided for FHB. Unlike the facts in *Otaka*, there is no conduct on the part of KSG that suggests such a fiduciary relationship. *See Otaka*, 71 Haw. at 383 (discussing evidence that the attorney in that case, among other things, gave advice on corporate strategy and sat in on internal meetings). Moreover, Jackson himself could not have reasonably

---

[2]Interestingly, the Court notes that Jackson does not appear to argue that he subjectively ever believed that KSG was representing him and/or JJCO.

believed that such a relationship existed. The magistrate judge's conclusion that there was no fiduciary relationship was not clearly erroneous.

## CONCLUSION

The Court hereby AFFIRMS the magistrate judge's order denying Jackson's motion for disqualification of Isuzu's counsel.

IT IS SO ORDERED.

DATED: March 24, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Isuzu Motors America, LLC v. Clarence E. Jackson, et al.; CV 13-00306 DKW-KSC; ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING JACKSON'S MOTION FOR DISQUALIFICATION OF ISUZU'S COUNSEL